ORDER
The Memorandum and partial dissent filed April 4, 2017, are withdrawn and replaced by the Amended Memorandum and concurrence filed concurrently with this order.
With these changes, the petitions for panel rehearing are DENIED. The petitions for rehearing en banc have been circulated to the full court and no judge of the court has requested a vote on en banc rehearing. The petitions for rehearing en banc are DENIED. See Fed. R. App. P. 35(f). No further petitions for panel or en banc rehearing will be entertained.
AMENDED MEMORANDUM *
Matthew and Jennifer Fletcher, husband and wife, and co-defendants below, appeal from the district court’s denial of their separate 28 U.S.C. § 2254 petitions. Exercising our jurisdiction pursuant to 28 U.S.C. § 2253, we affirm.
Matthew and Jennifer Fletcher were jointly convicted of murdering Jennifer’s ex-husband, Joel Shanbrom. After unsuccessful direct appeals and state habeas proceedings, Matthew and Jennifer each filed a § 2254 petition in federal district court. The district court denied the petitions and these appeals followed.
With respect to Matthew’s appeal, this Court issued a certificate of appealability (“COA”) on a single issue: “whether the prosecutor committed misconduct by asking Detective McCartin whether he believed [Matthew] and Jennifer Fletcher’s story.” We also issued a COA to Jennifer *726 on a related issue: namely, “whether [Jennifer’s] 28 U.S.C. § 2254 petition included a claim that the prosecutor committed misconduct by asking Detective McCartin whether he believed [Jennifer] and Matthew Fletcher’s story, and if so, whether [Jennifer] is entitled to relief on this claim.”[1]
A district court’s decision to deny a § 2254 habeas petition is reviewed de novo. See Visciotti v. Martel, 839 F.3d 845, 856 (9th Cir. 2'016). And, while this Court normally affords AEDPA deference to state court judgments, see, e.g., Sexton v. Cozner, 679 F.3d 1150, 1153 (9th Cir. 2012), where, as here, “the state court has not decided an issue, we review that question de novo.” Stanley v. Cullen, 633 F.3d 852, 860 (9th Cir. 2011) (quoting Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)).
The certified issue concerns the following exchange, during the prosecutor’s redirect examination of Detective McCartin following Matthew’s pro se cross-examination:
Q: Well, first of all, in general, [Matthew] said from time to time, would you tell somebody something that was not truthful—his word was “he”—in order to get information. Did you do that in this case?
A: Yes.
[[Image here]]
Q: At the time that you were doing that, did you, in your own mind, based upon your experience, have reason to believe that Mr. Fletcher was not being candid?
[[Image here]]
A: Yes. Yes, we did.
Q: And the same with Jennifer?
A: Yes.
[[Image here]]
Q: And you mentioned something that the perceptions that people had of Matthew Fletcher, they already had before you talked to them.
A: Absolutely.
Q: Could you explain that, please.
*727 A: The perception that most of these—I say 99 percent of witnesses that we interviewed—and I’ve interviewed over 100-plus, 150 witnesses in this case ... the perception that most of the people have—not all of them—is that Matthew Fletcher was a con man and he would— he’s a good salesman and he would bring them in, suck them into this business he was in, and then leave them hanging and not take care of their needs when they would call for help; or if they had a meeting to go to, he would not show up; moneys that were owed, he would not pay them and, as a result, they all felt he was a crook.
Assuming, without deciding, that we are not barred from reviewing this question by any procedural bar, see Lambrix v. Singletary, 520 U.S. 518, 525, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) (noting that a procedural bar issue need not always be resolved first), we reject Appellants’ argument on the merits. “A habeas petition will be granted for proseciitorial misconduct only when the misconduct ‘so infected the trial with unfairness as to make the resulting conviction a denial of due process.’” Sassounian v. Roe, 230 F.3d 1097, 1106 (9th Cir. 2000) (quoting Darden v. Wainmight, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)). Here, Appellants’ certified claim rests entirely on the prosecutor’s questioning of a single witness, Detective McCartin. The challenged exchange arose only after Matthew, acting as his own counsel during cross-examination, opened the door for the government to solicit Detective McCartin’s views as to the veracity of the individuals he interviewed during his investigation, including both witnesses to and targets of that investigation. See United States v. Garcia-Guizar, 160 F.3d 511, 522 (9th Cir. 1998) (“We have emphasized that [w]here the defendant opens the door to an argument, it is fair advocacy for the prosecution to enter.” (citations and internal quotation marks omitted)).
Accordingly, Appellants have failed to carry their burden to show that a constitutional violation occurred. We therefore reject their claim of prosecutorial misconduct and affirm the district court’s denial of their § 2254 petitions.
In both appeals, the judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule'3 6-3.

. Pursuant to Ninth Cir. R. 22-l(e), Appellants request that we expand their respective COAs. First, both Jennifer and Matthew ask that we expand their COAs to decide whether the trial court erred by barring the admission of third-party culpability evidence. Second, Jennifer asks that we decide whether the trial court’s failure to instruct on third-party culpability evidence was structural error and, if not, whether the California Court of Appeal’s harmless error analysis was unreasonable. Third, both Jennifer and Matthew request that we consider the totality of their prosecutorial misconduct claim, rather than only the single aspect of that claim for which their COAs issued. We conclude that neither petitioner has made “a substantial showing of the denial of a constitutional right,” as required by 28 U.S.C. § 2253(c)(2). See Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). We therefore deny Appellants’ requests to expand their COAs.
Although the concurrence "believe[s the third-party culpability issue] to be meritorious,” Judge Reinhardt declines "to exercise [his] right to expand the [COA] to include the uncertified claim.” But the concurrence’s reliance on Holmes v. South Carolina, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006), as the basis for expanding the COA to include the third-parly culpability issue is misplaced. This case is unlike Holmes, which held that excluding third-party guilt evidence “where there is strong evidence of an appellant's guilt,” was a constitutional violation. Id. at 324, 126 S.Ct. 1727 (quoting State v. Holmes, 361 S.C. 333, 605 S.E.2d 19, 24 (2004)). The district court expressly considered and rejected any analogy to Holmes because here, unlike in Holmes, the trial court excluded the third-party evidence, not because of any perceived strength of the prosecution’s evidence, but based on the probative value of the proffered evidence. This was neither "an unreasonable application of” Holmes, nor "an unreasonable determination of the facts.” 28 U.S.C. § 2254(d)(1) & (2).